**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Tarik F. Ajami (TA 5922)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

05 CV 10011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREEN WILSON-COLE, on behalf of herself
and all others similarly situated,

        Plaintiff,

  - against -

GLOBAL FINANCIAL SERVICES OF NEVADA,
INC., a subsidiary of IGATE CORPORATION.

        Defendant.

---

RECEIVED
NOV 29 2005
U.S.D.C. S.D. N.Y.
CASHIERS

<u>**COLLECTIVE ACTION COMPLAINT**</u>

<u>JURY TRIAL DEMANDED</u>

Plaintiff Kareen Wilson-Cole, individually and on behalf of all others similarly situated as the collectives' representative, by her attorneys Outten & Golden LLP, upon personal knowledge as to herself and upon information and belief as to other matters alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for unpaid wages on behalf of herself and all other similarly situated current and former hourly employees, against Global Financial Services, Inc. (hereinafter "GFS" or "Defendant").

    2.    Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees who worked for GFS at its clients' sites and who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 <u>et seq.</u>, and specifically the collective action provision of FLSA 29 U.S.C. § 216(b) ("the FLSA

Collective"), to remedy violations of the wage-and-hour provisions of the FLSA by GFS that have deprived the Plaintiff, as well as others similarly situated, of lawful wages.

3. GFS has engaged in a pattern, practice, and/or policy of unlawful conduct by failing to pay the premium overtime rate for hours worked beyond 40 per week in violation of its employees' rights under the FLSA, because Plaintiff and the FLSA Collective members have performed work in excess of 40 hours per week without being paid overtime premium wages.

4. Plaintiff and the FLSA Collective members seek injunctive and declaratory relief against GFS's unlawful actions, compensation and credit for all uncompensated work required or permitted by GFS, and attorneys' fees and costs.

## THE PARTIES

### Plaintiff

5. Representative Plaintiff Kareen Wilson-Cole is a resident of the city of Jersey City, in the State of New Jersey. Ms. Wilson-Cole was employed by GFS from approximately November 2003 to January 2004. Ms. Wilson-Cole worked for GFS in the Richmond, Virginia offices of Wachovia Corporation ("Wachovia"), one of GFS's clients. She performed transaction-related support duties of a clerical nature.

6. Plaintiff is a covered employee within the meaning of the FLSA.

### Defendant

7. Upon information and belief, GFS is incorporated in Nevada with principal offices at 1000 Commerce Drive, Suite 500, Pittsburgh, PA 15272 and New York offices at 14 Wall Street, 20th Floor, New York, New York 10006. Upon information and belief, GFS is a wholly-owned subsidiary of IGATE Corporation, a Pennsylvania corporation with principal offices at 1000 Commerce Drive, Suite 500, Pittsburgh, PA 15272.

8. Defendant GFS engages the employment of hourly employees including Plaintiff and members of the prospective FLSA Collective to perform work for GFS's clients, various banks and financial services companies ("clients").

9. Plaintiff and the FLSA Collective members were jointly employed as employees by GFS and its clients.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because the action involves a federal statute, 29 U.S.C. § 216 (b).

11. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

13. GFS resides and conducts business in the Southern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings FLSA claims on behalf of all persons who worked for GFS at its clients' sites as hourly employees and who were not paid the premium time-and-a-half rate for all hours worked beyond 40 per week at any time from three years prior to the filing of this Complaint to entry of judgment in this case ("FLSA collective period").

15. GFS is liable under the FLSA for failing to properly compensate plaintiff, and as such, the action should be treated as a collective action pursuant to 29 U.S.C. § 216(b) and notice should be sent to past and present hourly employees. There are numerous similarly situated current and former employees of GFS who have been denied the half-time premium above their hourly rate of pay in violation of the FLSA and who would benefit from the issuance

of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to GFS and are readily identifiable and can be located through GFS's records.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

16.     When Plaintiff and the FLSA Collective accepted employment with GFS, they were hired to work at a fixed hourly wage rate for all hours worked. Plaintiff and FLSA Collective members were paid that fixed hourly rate only. GFS did not pay them the half-time component of the statutory time-and-a-half rate for the hours they worked beyond 40 per week.

### Widespread, Consistent, and Willful Nature of Violations

17.     GFS's unlawful conduct has been widespread, repeated and consistent.

18.     GFS's managers have known that GFS's employees, including Plaintiff and the FLSA Collective, performed work that required overtime pay at the time-and-a-half rate. GFS and its clients participated in a scheme to deprive employees of premium overtime by labeling them "consultants." GFS has known that it engaged Plaintiff and members of the FLSA Collective to perform work for the benefit of its clients, which work was integral to the clients' businesses, without proper compensation for such time spent working.

19.     On information and belief, GFS's managers knew that its clients wanted to avoid paying employees overtime at the required rate of time-and-a-half. GFS therefore supplied employees to its clients, but called them "consultants." GFS and its clients jointly paid these "consultant" employees their fixed hourly rate for all hours worked, even though the overtime laws provide no exemption for so-labeled employees.

20.     GFS's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to Plaintiff and FLSA Collective members.

## INDIVIDUAL REPRESENTATIVE PLAINTIFF ALLEGATIONS

### Representative Kareen Wilson-Cole

21. Representative Plaintiff Wilson-Cole is a resident of Jersey City in the State of New Jersey. Ms. Wilson-Cole was jointly employed by GFS and Bank of Wachovia from November 2003 until January 2004.

22. Prior to November 2003, Plaintiff met and communicated with GFS representatives, its office manager, named Linda, and Vice President Bill Gorman, at its offices at 14 Wall Street in Manhattan. Ms. Wilson-Cole was told that her job at Wachovia in Richmond, Virginia would be paid at a straight hourly rate of approximately $30, and that she would receive travel expenses to and from Virginia, housing, and a $50 per diem.

23. GFS informed Plaintiff that it paid its employee-consultants for only hours actually worked. Thus, she would not be paid for any sick days, personal days, holiday days, or partial day absences. GFS told her she would be paid her straight hourly rate, *i.e.*, $30, for all the hours she worked; thus, she would not receive time-and-a-half for overtime hours. She would not be paid if she did not come in due to personal reasons, illness, or bank holiday, or if she left work early.

24. GFS performed similar functions and duties as regular, full-time Wachovia employees. She was subject to the same bank supervision as these employees. Indeed, her job was interchangeable with theirs. GFS does not supervise or monitor her job performance in any way. Except for her being paid through GFS, and the fact that she earned no employee benefits or premium overtime pay, she was treated as a Wachovia employee in other respects.

25. Plaintiff filled out daily time sheets that had to be signed by her Wachovia supervisor at the end of the week. Those time sheets were sent to GFS. At the end of the pay period, GFS directly deposited her pay into her bank account.

5

26. Plaintiff's time sheets and pay stubs indicate she often worked more than 40 hours per week but was paid only at the straight time rate for those hours. If a holiday fell in the week, or if she took off a day in full or part, she was docked those missing hours. She rarely, if ever, received the same total pay amount from period to period.

27. Plaintiff was never told, either by GFS or Wachovia, that she was expected to work a particular number of hours per day or week.

28. Generally, Plaintiff arrived at work around 7:00 a.m. each day, and stayed until 7:00 p.m. She did not take a lunch break. She also worked a sixth day, Saturday. She worked 70 or so hours per week on average. She once worked a 36-hour shift. The 100 to 200 other GFS employees with whom she worked at the Richmond Wachovia site also worked hours over 40 per week. She was never paid the missing half-time premium component for the hours beyond 40 that she worked each week for GFS at Wachovia.

### FIRST CAUSE OF ACTION (Fair Labor Standards Act)
### (Unpaid Overtime Premium Hourly Wages
### Brought on behalf of Plaintiff and Members of the FLSA Collective)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

31. At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or GFS was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

32. GFS willfully violated the FLSA by failing to pay Plaintiff premium overtime pay, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

33. GFS has willfully and intentionally engaged in a pattern or practice of violating the provisions of the FLSA, as detailed herein, by failing and refusing to pay the proper hourly wage compensation of current and former hourly employees, including Plaintiff, and all others similarly situated, in accordance with § 206 and § 207 of the FLSA.

34. As a result of GFS's violations of the FLSA, Plaintiff, as well as all others similarly situated, has suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

35. GFS has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated present and former hourly employees.

36. As a result GFS's unlawful acts, Plaintiff and all similarly situated employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all members of the proposed Collective prays for relief as follows:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, to all persons who are presently or have been employed by GFS as non-exempt hourly employees at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were not paid proper hourly compensation and premium overtime wages.

7

  B. Unpaid wages and an equal amount of liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

  C. Attorneys' fees and costs of the action; and

  D. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
    November 29, 2005

        Respectfully submitted,

        By: _____
        Jack A. Raisner (JR 6171)

        Adam T. Klein (AK 3293)
        Jack A. Raisner (JR 6171)
        Tarik F. Ajami (TA 5922)
        **Outten & Golden LLP**
        3 Park Avenue, 29th Floor
        New York, New York 10016

        **ATTORNEYS FOR PLAINTIFF AND THE FLSA COLLECTIVE**